557 S.E.2d 689

**GLASSCOCK, INC., Respondent,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.**

**No. 3413.**

Court of Appeals of South Carolina.

Heard Nov. 13, 2001.

Decided Dec. 3, 2001.

Rehearing Denied Jan. 16, 2002.

---

Andrew F. Lindemann, of Davidson, Morrison & Lindemann, of Columbia, for appellant.

John E. Miles, of Miles Law Firm; and Kristi F. Curtis, of Bryan, Bahnmuller, Goldman & McElveen, both of Sumter, for respondent.

ANDERSON, J.

Glasscock, Inc. ("Glasscock") brought a declaratory judgment action against its insurer, United States Fidelity and Guaranty Company ("USF & G"), seeking coverage for loss of use damages under the underinsured motorist ("UIM") portion of its insurance policy. Both parties filed motions seeking summary judgment. The trial court originally ruled for USF & G, but reversed its ruling upon Glasscock's motion to alter or amend the judgment. In response, USF & G filed two motions, one to vacate the ruling, and the other to alter or amend the judgment. Both motions were denied. USF & G appeals these denials. We affirm.

## FACTS/PROCEDURAL BACKGROUND

On November 19, 1997, a truck owned and operated by Glasscock was involved in an accident with John Vereen. Vereen maintained an insurance policy with property damage limits of up to $25,000. Glasscock had an insurance policy in effect with USF & G, with $1,000,000 in liability coverage and $1,000,000 in UIM coverage. Glasscock contended that the amount of property damage to the truck and loss of use damages exceeded the $25,000 property damage limit under Vereen's policy and brought a claim for recovery under the UIM portion of its policy with USF & G. USF & G denied Glasscock's claim for UIM benefits, stating that loss of use damages were not covered under the "property damage" definition of the UIM endorsement contained in the policy. The language of the endorsements defining "property damage" under the liability and UIM sections of the policy is different. The liability endorsement reads: " 'Property damage' means damage to or loss of use of tangible property." The UIM endorsement reads: " 'Property damage' as used in this endorsement means injury to or destruction of your covered 'auto.' "

Glasscock commenced a declaratory judgment action to determine whether loss of use damages were covered under the UIM portion of the policy. Both parties conceded that there were no material issues of fact in dispute and filed motions seeking summary judgment. On March 12, 1999, the trial court granted USF & G's motion for summary judgment stating that loss of use damages were not covered under the UIM provision of the policy. Subsequent to this decision, Glasscock filed a motion for reconsideration pursuant to Rule 59(e), SCRCP. On April 23, 1999, the trial court granted Glasscock's motion and ordered that the UIM policy be reformed to cover loss of use damages under the property damage endorsement. In response to the April 23, 1999, order, USF & G filed two motions, one to vacate pursuant to Rule 60, SCRCP and one for reconsideration pursuant to Rule 59(e) & (f), SCRCP. The trial court denied both motions on November 30, 1999, and this appeal ensued.

## ISSUES

I. Did the trial court err in reforming the contract language when reformation was not specifically requested in Glasscock's complaint? ("Procedural Reformation Issue")

II. Did the trial court err in reforming the contract to include loss of use damages within the definition of "property damage" under the UIM endorsement of the policy? ("Substantive Reformation Issue")

## STANDARD OF REVIEW

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Olson v. Faculty House of Carolina, Inc.*, 344 S.C. 194, 544 S.E.2d 38 (Ct.App.2001), *cert. granted; Baird v. Charleston County*, 333 S.C. 519, 511 S.E.2d 69 (1999); *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 518 S.E.2d 301 (Ct.App.1999); *Young v. South Carolina Dep't of Corrections*, 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999); *see also Wells v. City of Lynchburg*, 331 S.C. 296, 501 S.E.2d 746 (Ct.App.1998) (stating that a trial court should grant motion

for summary judgment when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and moving party is entitled to judgment as matter of law).

In determining whether any triable issue of fact exists, the evidence and all inferences reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 504 S.E.2d 117 (1998); *Pye v. Aycock*, 325 S.C. 426, 480 S.E.2d 455 (Ct.App.1997). Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Tupper v. Dorchester County*, 326 S.C. 318, 487 S.E.2d 187 (1997); *Moriarty v. Garden Sanctuary Church of God*, 334 S.C. 150, 511 S.E.2d 699 (Ct.App.1999), *aff'd*, 341 S.C. 320, 534 S.E.2d 672 (2000). All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party. *Young v. South Carolina Dep't of Corrections*, 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999). Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Id.*

On appeal, this Court reviews the grant of summary judgment using the same standard applied by the trial court. *Bray v. Marathon Corp.*, 347 S.C. 189, 553 S.E.2d 477 (Ct. App.2001); *see also Estate of Cantrell*, 302 S.C. 557, 559, 397 S.E.2d 777, 778 (Ct.App.1990) ("On appeal from summary judgment, the reviewing court must consider the facts and inferences in the light most favorable to the nonmoving party. The judgment may be affirmed only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.") (citations omitted).

### *LAW/ANALYSIS*

### I. Procedural Reformation

In its brief, USF & G frames the procedural reformation issue as follows: "Did the lower court err in reforming the underinsured motorist endorsement to include coverage for loss of use damages where no cause of action for reforma-

tion was pled by the Respondent?" While the substantive reformation issue was fully discussed and argued in USF & G's brief, the procedural reformation issue was addressed solely in a footnote contained within the text of the argument relating to substantive reformation. The text of the footnote reads: "In its order filed April 23, 1999, the [Circuit Court] reformed the USF & G policy to extend UIM coverage to include loss of use damages. Reformation of a contract is a specific cause of action in equity. Glasscock never pled a cause of action for reformation. Instead, Glasscock sought only declaratory relief. Therefore, the [Circuit Court] awarded relief on a cause of action never pled by either party."

South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review. *See Fields v. Melrose Ltd. Partnership*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct.App.1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court."). In *Brown v. Theos*, 338 S.C. 305, 309 n. 2, 526 S.E.2d 232, 235 n. 2 (Ct.App.1999), *aff'd*, 345 S.C. 626, 550 S.E.2d 304 (2001), we held that a one sentence paragraph raised in an appellant's brief was insufficient to preserve the issue for appeal: "Brown states in a one sentence paragraph that he had raised an action for 'intentionally negligent and malicious conduct'.... We note Brown's argument is so conclusory that it may be deemed abandoned." (citation omitted). In this case, USF & G's footnote was conclusory and cited no supporting authority. It is insufficient to preserve the argument for review. Additionally, even though USF & G more fully addressed the issue in its reply brief, an argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief. *See Jackson v. Bi-Lo Stores, Inc.*, 313 S.C. 272, 277, 437 S.E.2d 168, 171 (Ct.App.1993) ("The partners make several new arguments relating to estoppel and ratification in their reply brief. However, these arguments are not properly before this Court because an appellant cannot make new arguments for reversal in a reply brief.") (citation omitted). Accordingly, we find that USF & G's argument was not properly presented to this Court and is deemed abandoned.

■ Even if the issue were properly presented to this Court, we find the reformation action was sufficiently stated in the complaint. Glasscock's complaint alleges, in pertinent part:

5. The Plaintiff has made demand upon the Defendant for loss of use under the underinsured motorist coverage, which the Defendant has refused to extend to the Plaintiff under the terms of this policy, based upon the Defendant's position that rental reimbursement is not covered as it was not defined in the endorsement.

. . . .

7. The Plaintiff is informed and believes that there is a justiciable controversy between it and the Defendant as the Defendant owes and owed the Plaintiff a positive legal duty to provide underinsurance motorist coverage, and/or to make a reasonable and effective offer of such coverage, under the laws and statutes of South Carolina, which the Defendant failed to do.

WHEREFORE, this Plaintiff requests that this court issue a judgment declaring that she be entitled to loss of use under the underinsured motorist coverage.

*Sandy Island Corporation v. Ragsdale*, 246 S.C. 414, 419, 143 S.E.2d 803, 806 (1965) states: "The law requires a plaintiff to state the facts constituting his cause of action and demand the relief to which he supposes himself entitled, he is not required to characterize the facts stated, or *to give his cause of action a name . . . .*" (emphasis added). We hold the information presented in Glasscock's complaint is sufficient to state a cause of action.

## II. Substantive Reformation

■ The main thrust of USF & G's argument is that the absence of statutory language mandating that property damages include loss of use deprived the trial court of authority to reform the UIM endorsement to include loss of use damages as property damages. We recognize there is no statutory authority for including loss of use damages in the definition of property damages in UIM endorsements. However, as USF & G states in its brief, insurance companies are free to offer coverage in excess of statutorily required coverage. *Pennell*

*v. Foster,* 338 S.C. 9, 20, 524 S.E.2d 630, 636 (Ct.App.1999) ("[A]n automobile insurance policy can, by its language, provide greater coverage than the minimum required by statute."). In its liability endorsement, USF & G defined "property damage" as including loss of use. By doing so, it chose to provide greater coverage than the minimum required by statute.

S.C.Code Ann. § 38–77–160 requires insurers to offer underinsured motorist coverage **up to the limits** of the insured's liability coverage:

> Automobile insurance carriers shall offer ... at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist....

USF & G argues the language, "up to the limits of the insured liability coverage," only applies to the dollar limit amounts and not to the types of coverage offered in the liability and UIM coverages. We addressed a similar issue in *State Farm Mutual Automobile Insurance Company v. Bookert,* 330 S.C. 221, 499 S.E.2d 480 (Ct.App.1997), *rev'd on other grounds,* 337 S.C. 291, 523 S.E.2d 181 (1999).

In *Bookert,* the question arose whether the UIM coverage of a policy should be reformed to include damages arising out of the use of an automobile when the UIM endorsement only covered damages for ownership and operation of a vehicle. The liability coverage contained in the policy covered losses arising out of the ownership, operation, and use of a vehicle. In holding that the UIM coverage did include damages arising out of the use of an automobile, we stated:

> Because underinsured motorist coverage is intended to provide coverage where the at-fault driver's liability coverage is insufficient, we conclude the legislature intended for underinsured motorist coverage to provide the **same type of coverage as liability coverage** .... [I]t is logical to conclude underinsured motorist coverage should provide the **same spectrum of coverage as liability coverage.**

*Id.* at 229, 499 S.E.2d at 484 (emphasis added).

USF & G suggests that *Bookert* should not apply to this situation because in *Bookert,* there was statutory language

mandating that automobile policies cover losses arising out of the ownership, operation, and use of a vehicle. We disagree. The clear unambiguous language of *Bookert* interprets "up to the limits of the insured liability coverage" as contained in § 38–77–160 as requiring the insurer to provide the same type of coverage, not just the same dollar limit. USF & G chose to include loss of use damages within property damages in its liability endorsement. Therefore, its UIM endorsement also includes loss of use damages within its definition of property damage and the trial court's reformation of the contract was proper.

## *CONCLUSION*

For the foregoing reasons, the trial court's decision is **AFFIRMED.**

HOWARD and SHULER, JJ., concur.