THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Violet Geiger, Individually and as Personal Representative of the Estate 
 of J.W. Geiger, deceased,        Appellant,
 
 
 

v.

 
 
 
Pardee's Refrigeration and Air Conditioning, Inc. and Carrier Corporation,       
Respondents.
 
 
 

Appeal From Richland County
L. Henry McKellar, Circuit Court Judge

Unpublished Opinion No. 2003-UP-448
Submitted June 9, 2003  Filed July 
 1, 2003  

AFFIRMED

 
 
 
Violet Geiger, of Columbia, for Appellant.
Charles E. Carpenter, Jr., S. Elizabeth Brosnan, Steven J. 
 Pugh, Everett A. Kendall, II and William O. Sweeney, III, all of Columbia, for 
 Respondents.
 
 
 

PER CURIAM: In this action for negligence 
 and breach of express and implied warranties, Violet Geiger, appearing pro 
 se, appeals the circuit courts grant of summary judgment to Carrier Corporation 
 and Pardees Refrigeration and Air Conditioning, Inc.  We affirm.
FACTS
In 1986, Geiger 
 and her husband contracted with Pardees to install a heating and air conditioning 
 system in their home.  Pardees put in a furnace manufactured by Carrier and 
 serviced it at least twice a year thereafter. 
In May of 1994, Geiger complained 
 that the system caused dust to accumulate in her house.  In response, Pardees 
 installed a Space Guard High Efficiency Air Filter.  Geiger continued to complain 
 about the dust, however, alleging that the accumulation worsened after Pardee's 
 put in the new filter. 
In December of 1999, Geigers 
 husband died of cardiorespiratory arrest[,] . . . coronary artery disease[,] 
 and . . . obstructive pulmonary disease.  On February 20, 2000, Geiger initiated 
 this action against Pardees and Carrier, alleging negligence, breach of express 
 warranties, and breach of implied warranties.  Among other things, she contended 
 that the air conditioning system manufactured by Carrier and installed by Pardees 
 hastened her husbands death by creating an accumulation of dust in her house. 

Pardees moved for summary judgment 
 on the grounds that (1) Geigers claims were barred by the applicable statute 
 of limitations; (2) her claims failed to state a cause of action; and (3) Pardees 
 conduct did not proximately cause Geigers alleged damages.  Carrier 
 also moved for summary judgment, arguing that the applicable statute of limitations 
 barred Geigers claims and that Geiger failed to present evidence establishing 
 the essential elements of her causes of action. 
The circuit court granted 
 the motions on the grounds that Geigers claims were barred by the applicable 
 statute of limitations and that Geiger had failed to present any evidence establishing 
 the essential elements of her causes of action.  This appeal follows.
ANALYSIS
Geiger asserts the circuit 
 court erred in granting summary judgment, because the action was not barred 
 by the statute of limitations.  Specifically, she argues, [the circuit court] 
 issued summary judgment of incorrect dates.  I was within the Statute of Limitation. 
 [sic]  This [cause of action] was brought within three years of discovery. 

This argument is not preserved for our review.  
 It was not addressed in the statement of issues on appeal.  See Rule 
 208(b)(1)(B), SCACR (Ordinarily, no point will be considered which is not set 
 forth in the statement of issues on appeal.)  Moreover, it is conclusory and 
 unsupported by authority.  See Glasscock, Inc. v. U.S. Fidelity and 
 Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South 
 Carolina law clearly states that short, conclusory statements made without supporting 
 authority are deemed abandoned on appeal and therefore not presented for review.).  
 Accordingly, this argument has not been preserved.
Geigers statement of issues on appeal also presents 
 the following questions:

1.       Why did my first furnace crack after only ten years?
2.       Why wouldnt Pardees put another space guard on 
 when I requested him to?
3.       Why didnt Pardees replace the defective new unit?  
 No reply from Pardees.
4.       Why didnt Pardees help to clean the hugh [sic] 
 amounts of dust that his defective heating unit caused and damaged everything 
 in my house?
5.       Why did Pardees charge me for parts when he was 
 hunting defects?  Why did he take my good metal duct work, and used [sic] cheap 
 plastic?
6.       Why didnt Pardees use the correct register duct 
 size, twelve inches, instead of installing another smaller size. [sic]
7.       Why didnt Pardees have a factory representative 
 inspect the defective furnace system as requested by S.C. Contractors Licensing 
 Board?
8.       Why didnt Pardees use a drawing, as contractors 
 do to fit my home with proper furnace? [sic]
9.       Why didnt Pardees reply to my many telephone calls 
 and letters. [sic]  Pardees did not reply.
10.     Why didnt Pardees stop the dust storm when he knew 
 of John Geigers medical problem?

These issues have also been abandoned.  None of them 
 alleges error on the part of the circuit court.  Furthermore, Geiger fails to 
 make any arguments or provide any authority in support of these questions.  
 Geiger has thus abandoned this set of issues.    Glasscock, 348 S.C. 
 at 81, 557 S.E.2d at 691.
Even if the issues were preserved, Geigers assertions 
 lack merit.  To fall within the statute of limitations, an action for negligence 
 must be commenced within three years after the person knew or by the exercise 
 of reasonable diligence should have known that a cause of action existed.  S.C. 
 Code Ann. § 15-3-535 (Supp. 2002); Grillo v. Speedright Prods., Inc., 
 340 S.C. 498, 502, 532 S.E.2d 1, 3 (Ct. App. 2000).  Geiger should have known 
 she had a cause of action for negligence in May of 1994, when she first complained 
 to Pardees about the dust she believed was caused by the system.  However, 
 nearly six years passed before she commenced this lawsuit in February of 2000.  
 The statute of limitations therefore bars her claim.  Grillo, 340 S.C. 
 at 502, 532 S.E.2d at 3.  
CONCLUSION
For the forgoing reasons, the decision of the circuit 
 court is
AFFIRMED.
HEARN, C.J., CONNOR and STILWELL, JJ., concur.