THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cora Jean
 Rodgers, Appellant,
 v.
 Upstate Carolina
 Medical Center and Helen Spencer, Respondents.
 
 
 

Appeal From Cherokee County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2010-UP-211
Submitted December 1, 2009  Filed March
 15, 2010    
AFFIRMED

 
 
 
 Fletcher N. Smith, Jr., of Greenville, for Appellant.
 William O. Sweeny, III, and Martin S. Driggers, Jr., both of
 Columbia, for Respondents.
 
 
 

PER
 CURIAM: Cora Jean Rodgers appeals the trial court's failure to grant her
 directed verdicts on her medical negligence and medical battery causes of
 action arising out of her treatment at Upstate Carolina Medical Center (Upstate
 Carolina) after which she experienced a ruptured uterus and underwent a
 hysterectomy.  She further appeals the trial court's failure to charge the jury
 on the issues of negligence and medical abandonment.  Additionally, she appeals
 the trial court's grant of Upstate Carolina's motion for a directed verdict on
 her negligence cause of action.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:
1.  As to whether the trial court erred in denying Rodgers a
 directed verdict on her medical battery cause of action: Glasscock,
 Inc. v. U.S. Fid. & Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort,
 conclusory statements made without supporting authority are deemed abandoned on
 appeal and therefore not presented for review."); see also Ellie,
 Inc. v. Miccichi, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (holding
 an issue is abandoned on appeal when it is not argued within the body of the
 brief but is only a short, conclusory statement).
2.  As to whether the trial court erred in failing to charge
 the jury on the issue of negligence: Glasscock, Inc., 348 S.C. at 81, 557 S.E.2d at 691
 ("[S]hort, conclusory statements made without supporting authority are
 deemed abandoned on appeal and therefore not presented for review."); Sierra
 v. Skelton, 307 S.C. 217, 224, 414 S.E.2d 169, 174 (Ct. App. 1992)
 ("[A] party may not assign as error the giving or failure to give an
 instruction unless he objects before the jury retires to consider its verdict
 by distinctly stating the matter to which he objects and the grounds for his
 objection.").
3.  As to whether the trial court erred in granting Upstate Carolina's motion for a
 directed verdict on the medical negligence cause of action: Glasscock, Inc.,
 348 S.C. at 81, 557 S.E.2d at 691 ("[S]hort, conclusory statements made
 without supporting authority are deemed abandoned on appeal and therefore not
 presented for review.").
4.  As to whether the trial court erred in failing to grant Rodgers a
 directed verdict on her medical negligence cause of action: Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (providing an appellate court need not review remaining issues when
 its determination of a prior issue is dispositive of the appeal).
5.  As to whether the trial court erred in failing to charge the jury on the issue
 of medical abandonment: Greenville Mem'l Auditorium v. Martin, 301 S.C. 242, 246, 391 S.E.2d 546, 548
 (1990) (holding an appellate court will not review the failure to give a
 requested jury charge when the request to charge does not appear on the
 record).
AFFIRMED.
SHORT,
 THOMAS, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.