THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Damon Jacquise
 Jones, Petitioner.
 
 
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal from Spartanburg County
Paul M. Burch, Circuit Court Judge

Memorandum Opinion No. 2010-MO-020
 Heard June 24, 2010  Filed August 23,
2010

AFFIRMED

 
 
 
 Chief
 Appellate Defender Robert M. Dudek, of South Carolina Commission on Indigent
 Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General
 William Edgar Salter, III, all of Columbia, and Solicitor Harold W. Gowdy, III,
 of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Petitioner Damon Jones was convicted of the murder of
 Sigida Long and was sentenced to life in prison.  At trial, Petitioner asserted
 that Long was shot when a gun discharged during a struggle.  On certiorari, he
 argues the Court of Appeals erred in upholding the trial court's decision to
 refuse to admit into evidence his videotaped interrogation, which he contends
 corroborates his version of events.  State v. Jones, Op. No. 2008-UP-424
 (Ct. App. July 23, 2008).  We affirm.
FACTS
Sigida Long was shot on the
 street in front of his mother's house in Spartanburg.  At trial, Petitioner
 provided the following version of events:  Petitioner was sitting in his car
 after dropping off a friend when Long approached Petitioner, pulled him from
 the vehicle, and struck him on the head.  Petitioner fell back into the
 vehicle, retrieved a gun from the glove box, cocked the gun, and told Long to
 back away.  Long rushed Petitioner, the two struggled, and the gun discharged
 during the struggle, fatally wounding Long in the head.
Petitioner's counsel
 attempted to introduce into evidence a videotape of a police interrogation of
 Petitioner after the incident, which Petitioner argued corroborated his version
 of events.  The trial court sustained the State's objection to the videotape as
 self-serving hearsay.  Petitioner then attempted to introduce only that portion
 of the tape before Petitioner makes any statements[1],
 but the trial judge declined to allow it.[2] 
 Petitioner was convicted of murder and sentenced to life in prison.
On appeal to the Court of
 Appeals, Petitioner argued the trial court erred in refusing to admit the
 tape.  The Court of Appeals affirmed, holding that even if the videotaped
 interrogation was improperly excluded, Petitioner was not prejudiced because
 the evidence would have been merely cumulative to the other evidence in the
 record.  This Court granted Petitioner's petition for a writ of certiorari.
ISSUE
Did the Court of Appeals err
 in finding the trial court did not abuse its discretion in excluding the
 videotaped evidence?
DISCUSSION
A trial judge's decision to
 admit or exclude evidence is reviewed under an abuse of discretion standard.  See State v. Jones, 343 S.C. 562, 541 S.E.2d 813 (2001).  Petitioner argues
 that he had a right to present the videotape as it is powerful corroborating
 evidence of his defense.  We find that the Court of Appeals correctly affirmed
 the trial court's exclusion of the videotape.
Petitioner argued to the
 trial court that the videotape is admissible, in whole or in part, because it
 meets a hearsay exclusion and because he contended the hearsay was not
 self-serving hearsay.  He now argues to this Court only that the tape is
 admissible because (1) the wrongful exclusion of corroborating evidence is
 prejudicial to the Petitioner's substantial rights, and (2) it is
 "fundamentally unfair" for the State to prevent Petitioner from
 presenting corroborating evidence and to then attack Petitioner's self-defense
 claim as unworthy of belief.  As Petitioner did not present these latter
 arguments to the trial court, they are not properly before this Court.  See I'On, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716,
 724 (2000) (appellate court generally will not address an issue unless the
 issue was raised to and ruled upon by the trial court).  Additionally, as the
 argument presented to the trial court is not presented in Petitioner's brief,
 it is also not before this Court.  See Glasscock, Inc. v. U.S.
 Fidelity & Guar. Co., 348 S.C. 76 (Ct. App. 2001) (issues not argued in
 the body of appellant's initial brief are deemed abandoned on appeal).  
Consequently, we find
 Petitioner's arguments are not preserved for our review.  Were we to reach the
 merits, we would find that the trial court did not err in excluding the
 videotape.
CONCLUSION
Petitioner's
 arguments are not preserved for our review.  The opinion of the Court of
 Appeals is therefore
AFFIRMED.
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

[1] It is unclear what portion of the videotape Petitioner refers to.  The
 videotaped interrogation filed with this Court begins with Petitioner
 responding to questions.  If an essential portion of the tape has been omitted
 from the record, this Court cannot reverse on this ground.  See Morris
 v. Donahue, 212 S.C. 122, 124, 46 S.E.2d 664, 665 (1948) (Supreme Court can
 act only on such matters as are contained in the record); Rule 210(h), SCACR
 (appellate court will not consider any fact which does not appear in the Record
 on Appeal).  Petitioner may be referring to States Exhibit 1, which is a video
 from a police cruiser camera on the night of the incident.  An emotional
 Petitioner can be heard on the tape, but soon after the tape begins, Petitioner
 can be heard making statements regarding the events.
[2] Petitioner asserted at oral argument that he asked the trial court to allow him
 to play the videotape without audio, for the jury.  The record does not support
 this assertion.