**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond Carter, Appellant,

v.

Donnie Myers, Solicitor, Lexington County; Tracey Carroll, Assistant Solicitor, Lexington County; Brian Buck, Irmo Police Department; Scott Franklin, Irmo Police Department; Timothy E. Stephenson, South Carolina Law Enforcement Division; George White; Tammy Carter (AKA: Tammy Scrogham); Barbara Keadle (AKA: Diane Hinkle), Lexington County DSS; Francis Ross, Lexington County DSS; and Paulette Jolly, Guardian ad Litem, in their official and individual capacities, Defendants,

Of whom Donnie Myers, Solicitor, Lexington County; Tracey Carroll, Assistant Solicitor, Lexington County; Brian Buck, Irmo Police Department; Scott Franklin, Irmo Police Department; Timothy E. Stephenson, South Carolina Law Enforcement Division; and The Estate of George White are the Respondents.

Appellate Case No. 2013-000449

———————————

Appeal From Lexington County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-158
Submitted December 1, 2015 – Filed April 6, 2016

---

**AFFIRMED**

---

Raymond Carter, of Columbia, pro se.

Andrew F. Lindemann and William H. Davidson, II, both of Davidson & Lindemann, PA, of Columbia, for Respondent Donnie Myers.

David Leon Morrison and Kassi B. Sandifer, both of Morrison Law Firm, LLC, of Columbia, for Respondents Brian Buck and Scott Franklin.

---

**PER CURIAM:** Raymond Carter appeals a circuit court's order dismissing Carter's claims against Respondents. Carter argues the circuit court erred by (1) determining the South Carolina Tort Claims Act's (the Act's) statute of limitations barred his claims, (2) failing to toll the statute of limitations, and (3) finding Solicitor Donnie Myers and Assistant Solicitor Tracey Carroll were entitled to prosecutorial immunity. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We find the Act's statute of limitations barred Carter's claims. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); *id.* at 395, 645 S.E.2d at 247-48 ("The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." (quoting *Gentry v. Yonce,* 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999))); S.C. Code Ann. § 15-78-70(a) (2005) ("[The Act] constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."); S.C. Code Ann. § 15-78-30(c) (Supp. 2015) ("'[E]mployee' means any officer, employee, agent, or court appointed representative of the State or its political subdivisions . . . ."); S.C. Code Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to [the Act] is forever barred unless an action is commenced within two years after the date the

loss was or should have been discovered . . . .").[1]

2.  We find Carter's second issue is abandoned.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

3.  We need not address Carter's prosecutorial immunity argument.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding it unnecessary to address remaining issues on appeal when the disposition of a preceding issue is dispositive).

**AFFIRMED.**[2]

**HUFF, A.C.J., and WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We also note the circuit court properly dismissed Carter's criminal conspiracy claim against the Estate of George White.  *See* S.C. Code Ann. § 17-1-10 (2014) (providing that the State prosecutes criminal actions); S.C. Code Ann. § 16-17-410 (2015) (codifying the crime of criminal conspiracy); *Marion*, 373 S.C. at 395, 645 S.E.2d at 247-48 ("The question is whether . . . the complaint states any valid claim for relief." (quoting *Gentry,* 337 S.C. at 5, 522 S.E.2d at 139)).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.