**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Quincy Allen, #6019, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-002046

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Opinion No. 5843
Heard May 5, 2021 – Filed August 4, 2021

**AFFIRMED**

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood,
for Appellant.

Annie Laurie Rumler and Christina Catoe Bigelow, both
of the South Carolina Department of Corrections, of
Columbia, for Respondent.

**LOCKEMY, C.J.:** Quincy Allen appeals the Administrative Law Court's (ALC's) dismissal of his inmate grievance appeal. On appeal, he argues the ALC erred by holding it lacked jurisdiction to hear his case because the South Carolina Department of Corrections's (SCDC's) denial of his visitation with persons he did not know prior to his incarceration implicated a state-created liberty interest. We affirm.

**FACTS/PROCEDURAL HISTORY**

Allen is a death-sentenced inmate who has been incarcerated for nearly nineteen years. On March 21, 2018, Allen submitted a Step 1 Inmate Grievance Form requesting that SCDC permit him to see visitors whom Allen had not met prior to his incarceration. SCDC denied his Step 1 Grievance stating, "SCDC feels that not knowing an inmate prior to incarceration is a security concern." Allen filed a Step 2 Inmate Grievance Form repeating this request. SCDC denied his Step 2 Grievance citing SCDC Policy OP-22.09.[1]

Allen appealed SCDC's denial of his inmate grievances to the ALC, arguing SCDC (1) used arbitrary and capricious unwritten policies and procedures to disapprove visitors, (2) disregarded and overlooked its written policies regarding visitation, (3) misapplied its written policies, and (4) failed to provide due process. SCDC filed a motion to dismiss, which the ALC granted. The ALC ruled its jurisdiction regarding inmate appeals was limited to state-created liberty interests and SCDC restricting Allen's visitation did not implicate a state-created liberty interest. This appeal followed.

**ISSUE ON APPEAL**

Did the ALC err by holding Allen did not have a state-created liberty interest in visitation with the general public?

**STANDARD OF REVIEW**

The Administrative Procedures Act (APA) establishes the standard of review in appeals from the ALC. S.C. Code Ann. § 1-23-610(B) (Supp. 2020). An appellate court may reverse or modify a decision if the ALC's findings or conclusions are:

      (a) in violation of constitutional or statutory provisions;
      (b) in excess of the statutory authority of the agency;
      (c) made upon unlawful procedure;
      (d) affected by other error of law;

---

[1] S.C. Dep't of Corr. Policy/Procedure, No. OP-22.09, Inmate Visitation § 1.4 (Aug 1, 2016) ("Inmate visitation is considered to be a privilege and is **not** considered a guaranteed right. Therefore, the SCDC reserves the right to suspend, restrict, deny, or terminate an inmate's or visitor's visitation privileges . . . due to legitimate concerns regarding the security and safety of the institution.").

      (e) clearly erroneous in view of the reliable, probative,
and substantial evidence on the whole record; or
(f) arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discretion.

*Id.*

## LAW/ANALYSIS

Allen argues he has a state-created liberty interest in rehabilitation, which includes visitation with members of the general public. He asserts that a ban on visitors he did not know prior to his incarceration implicates the due process clause. We disagree.

State-Created Liberty Interest in Visitation

"Admittedly, prisoners do not shed all constitutional rights at the prison gate but '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citation omitted) (quoting *Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 125 (1977)).

An inmate who seeks to challenge a final decision of SCDC may seek review of an administrative matter under the APA. *Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000). However, the ALC only has jurisdiction of matters implicating a state-created liberty interest. *See Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 443, 586 S.E.2d 124, 127 (2003) ("The only way for the [ALC] to obtain subject matter jurisdiction over [an inmate's] claim is if it implicates a state-created liberty interest."). "[S]tate law may create enforceable liberty interests in the prison setting." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989).

An inmate "claiming a protected interest must have a legitimate claim of entitlement to it. Protected liberty interests 'may arise from two sources[:] the Due Process Clause itself and the laws of the States.'" *Id.* at 460 (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). In order to establish a state-created liberty interest, a regulation must "contain 'explicitly mandatory language,' *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id.* at 463 (quoting *Hewitt*, 459 U.S. at 472).

"Stated simply, 'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id.* at 462 (quoting *Olim v. Wakinekona,* 461 U.S. 238, 249 (1983)). This language means if the regulation explicitly mandates an outcome based on the existence of relevant criteria then the State has created a liberty interest. *Id.* at 462. Based on this, we must examine whether SCDC's policy mandates SCDC to permit inmate visitation with persons the inmate did not know prior to incarceration when relevant criteria are met. We find it does not.

SCDC's visitation policy lacked "explicitly mandatory language" requiring a particular outcome when factual predicates are met. SCDC's policy expressly states visitors deemed to be a security risk will not be permitted to visit inmates and that visitation is not a guaranteed right. *See* S.C. Dep't of Corr. Policy/Procedure, No. OP-22.09, Inmate Visitation § 1.4 (Aug 1, 2016). This policy vests SCDC with wide discretion; thus, it does not mandate an outcome. Since there is no mandated outcome there was no state-created interest in visitation with persons Allen did not know prior to his incarceration.

States may also create liberty interests protected by the Due Process Clause by limiting an inmate's freedom from restraint in such a way that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sullivan*, 355 S.C. at 442, 586 S.E.2d at 126 (quoting *Sandin*, 515 U.S. at 484). The denial of Allen's visitation with persons not known to him prior to incarceration was not a violation of his right to freedom from restraint that is atypical, nor did it create a significant hardship on Allen in relation to ordinary prison life because the record contains no indication SCDC treats other inmates differently. *Cf. Sullivan*, 355 S.C. at 445, 586 S.E.2d at 128 ("[D]enying Sullivan access to [phase two of the Sex Offender Treatment Program (SOTP II)] or any other sex offender program does not impose an 'atypical or significant hardship' on Sullivan as all other inmates designated as sex offenders are afforded the same access to treatment.").

Rehabilitation

Allen further argues these visitors are necessary for his rehabilitation; thus, the ALC had jurisdiction to hear this case because his visitation implicates a state-created liberty interest in rehabilitation. We disagree.

The South Carolina Constitution enumerates prisoner rehabilitation. *See* S.C. Const. art. XII, § 2 ("The General Assembly shall establish institutions for the confinement of all persons convicted of such crimes as may be designated by law,

and shall provide for the custody, maintenance, health, welfare, education, and rehabilitation of the inmates."). However, our supreme court has held the South Carolina Constitution does not create a liberty interest in specific forms of that rehabilitation. *Sullivan*, 355 S.C. at 444, 586 S.E.2d at 127.

In *Sullivan*, our supreme court held the South Carolina Constitution does not impose a duty of rehabilitation on SCDC. Sullivan, an incarcerated sex offender, sought SOTP II immediately after he completed SOTP I through the SCDC grievance process. *Id.* at 440, 586 S.E.2d at 125. SCDC denied his requests. *Id.* Sullivan appealed to the ALC, and the ALC dismissed the case because it lacked subject matter jurisdiction. *Id.* Sullivan appealed to our supreme court arguing, "the South Carolina Constitution guarantee[d] him a right to rehabilitation, which require[d] the SCDC to give him access to sex offender treatment while incarcerated" and that the deprivation of SOTP II implicated a state-created liberty interest in rehabilitation. *Id*. at 444, 586 S.E.2d at 127. Our supreme court affirmed the ALC's dismissal and held Sullivan did not raise a state-created liberty interest and declined to impose a duty of specific forms of rehabilitation on SCDC. *Id.* Our supreme court held, "Even if [the South Carolina Constitution] is read to require *some* rehabilitation for inmates, it does not mandate any specific programs that must be provided by the General Assembly or the SCDC . . . ." *Id.*

The South Carolina Constitution did not create a liberty interest in specific programs of rehabilitation; thus, it does not mandate specific types of visitation in the interest of rehabilitation. *See id.* at 445, 586 S.E.2d at 127–28 (holding that if the court required specific programs of rehabilitation it "would conflict with the hands-off approach that this Court has taken towards internal prison matters."). Allen failed to raise a state-created liberty interest in rehabilitation that required the State to provide visitation with persons he did not know prior to his incarceration. Thus, the ALC lacked jurisdiction to hear Allen's appeal from his Step 2 Grievance.[2]

---

[2] Allen argues in his reply brief that SCDC's interpretation of its policy was arbitrary and capricious. Because he failed to raise this issue in his initial brief we find this issue abandoned. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief.").

**CONCLUSION**

Based on the foregoing, we affirm the ALC's dismissal of Allen's appeal of his Step 2 Grievance based on lack of jurisdiction because there was no state-created liberty interest in visitation.

**AFFIRMED.**

**WILLIAMS and HEWITT, JJ., concur.**