**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Agnes M. Slayman, Appellant,

v.

South Carolina Department of Education, Respondent.

Appellate Case No. 2020-000950

—————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

—————————

Unpublished Opinion No. 2023-UP-275
Heard June 7, 2023 – Filed July 26, 2023

—————————

**AFFIRMED**

—————————

J. Lewis Cromer and Shannon Marie Polvi, both of
Cromer Babb Porter & Hicks, LLC, of Columbia, for
Appellant.

Vann Henry Gunter, Jr., of Columbia, for Respondent.

—————————

**PER CURIAM:** In this appeal from the administrative law court (the ALC), Dr. Agnes Slayman argues the ALC erred in affirming the South Carolina Department of Education's (the Department) issuance of a public reprimand against her. Specifically, Dr. Slayman asserts the ALC erred in finding: (1) the Department did not err in failing to dismiss the Chester County School District's complaint alleging

Dr. Slayman committed professional misconduct by creating a hostile work environment (the complaint); (2) the Department did not violate Dr. Slayman's due process rights in processing the complaint; (3) the State Board of Education's (the State Board) hearing did not violate Dr. Slayman's due process rights; (4) the State Board did not err in failing to follow the hearing officer's recommendation; and (5) the State Board did not err in reporting the public reprimand against Dr. Slayman to the National Association of State Directors of Teacher Education and Certification (NASDTEC).  We affirm.

1. We hold the Department did not err in failing to dismiss the complaint.  *See Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the Administrative Law Court should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law.").  From a plain reading of Department Regulation 43-58.1, nothing in the language mandated the Department to dismiss Dr. Callicutt's complaint.  *See Murphy v. S.C. Dep't of Health & Env't Control*, 396 S.C. 633, 639, 723 S.E.2d 191, 195 (2012) ("Regulations are interpreted using the same rules of construction as statutes."); *Converse Power Corp. v. S.C. Dep't of Health & Env't Control*, 350 S.C. 39, 47, 564 S.E.2d 341, 346 (Ct. App. 2002) ("When interpreting a regulation, we look for the plain and ordinary meaning of the words of the regulation, without resort to subtle or forced construction to limit or expand the regulation's operation.").  Despite Dr. Slayman's assertions, nothing in the regulation stipulates that the individual making the filing must have personal knowledge of the allegations.  Furthermore, the allegations made against Dr. Slayman undoubtedly fall within the scope of misconduct contemplated by the regulation.  Moreover, we find the language mandated Dr. Callicutt to file the complaint and Dr. Slayman's argument as to the overall outcome does not pass muster.  Although the Department ultimately did not revoke or suspend Dr. Slayman's educator's certificate, it was not unreasonable for Dr. Callicutt to believe that was a possibility based on the allegations.

2. We hold the Department did not violate Dr. Slayman's due process rights in processing the complaint.  *See Original Blue Ribbon Taxi Corp*, 380 S.C. at 604, 670 S.E.2d at 676 ("The decision of the Administrative Law Court should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law.").  Dr. Slayman asserts the Department violated her due process rights in handling the complaint because it violated Department Regulation 43-58.1.  Specifically, Dr. Slayman contends the Department failed to timely notify her of and investigate the complaint because she did not receive notice of the complaint until March 2018.  In its order, the ALC noted that the length of time between the

filing of the complaint and the initial hearing was substantial; however, it found nothing in Regulation 43-58.1 proscribed a specific time period for investigating a complaint and Dr. Slayman presented no other sources of authority to support her claims. The ALC further found Dr. Slayman failed to show she suffered any prejudice from the Department's delay. We agree with the ALC's interpretation of regulation 43-58.1 and also find Dr. Slayman's assertions to be unsupported and conclusory.

Dr. Slayman additionally argues the Department violated her due process rights during the State Board hearing because it improperly limited the testimony of her witnesses. In its order, the ALC found this argument unpreserved for appellate review because Dr. Slayman failed to argue with specificity instances in which the Department improperly limited the testimony of her witnesses. In reviewing Dr. Slayman's appellate brief to the ALC, we agree her contentions are conclusory and unsupported. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

3. Dr. Slayman argues the hearing process before the State Board violated her due process rights. Specifically, Dr. Slayman contends the State Board erred in failing to allow the hearing officer to physically "present" her report to the State Board in violation of State Board Rule BCAF IV(K) and both parties were arbitrarily limited to three minutes for arguments. Consequently, Dr. Slayman asserts there is no evidence that the State Board was provided the bare minimum required to act against Dr. Slayman's certification. We find Dr. Slayman failed to safeguard her procedural due process arguments for review. Although Dr. Slayman was not required to file a motion for rehearing prior to filing an appeal with the ALC, at no point during the hearing with the State Board did she raise any objections to either the three-minute limitation or the hearing officer's failure to "present" her recommendation to the State Board. As such, Dr. Slayman failed to give the State Board an opportunity to rule upon these objections. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998) ("Post-trial motions are not necessary to preserve issues that have been ruled upon at trial; they are used to preserve those that have been raised to the trial court but not yet ruled upon by it.").

4. We hold the ALC did not err in finding substantial evidence supported the State Board's decision to issue a public reprimand against Dr. Slayman. *See Original Blue Ribbon Taxi Corp*, 380 S.C. at 604, 670 S.E.2d at 676 ("The decision of the Administrative Law Court should not be overturned unless it is unsupported by

substantial evidence or controlled by some error of law."); *id.* at 605, 670 S.E.2d at 676 ("Substantial evidence, when considering the record as a whole, would allow reasonable minds to reach the same conclusion as the Administrative Law Court and is more than a mere scintilla of evidence."); *id.* at 605, 670 S.E.2d at 677 ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence." (quoting *Olson v. S.C. Dep't of Health & Env't Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008))). In making its determination, the State Board reviewed the hearing officer's report and recommendation, the transcript of the hearing, the Department's exceptions, and the hearing officer's response to those exceptions. The record contains ample evidence supporting differing conclusions as to whether Dr. Slayman's conduct was unprofessional; thus, reasonable minds could reach the same conclusion as the ALC. As such, we find the record substantiates the State Board's decision.

5. Dr. Slayman argues the State Board violated Policy BCAF(IV)(M) in notifying the NASDTEC Clearinghouse of her public reprimand. From a plain reading of the regulation, we find nothing in the language prohibited a notification to NASDTEC and Dr. Slayman offers no other authority contesting this decision. *See Murphy*, 396 S.C. at 639, 723 S.E.2d at 195 ("Regulations are interpreted using the same rules of construction as statutes."); *Converse Power Corp.*, 350 S.C. at 47, 564 S.E.2d at 346 ("When interpreting a regulation, we look for the plain and ordinary meaning of the words of the regulation, without resort to subtle or forced construction to limit or expand the regulation's operation."). Thus, this argument lacks merit. *See Original Blue Ribbon Taxi Corp*, 380 S.C. at 604, 670 S.E.2d at 676 ("The decision of the Administrative Law Court should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law.").

**AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**