**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jeffrey Thomas Medford, Appellant,

v.

Nicole Tidd, Respondent.

Appellate Case No. 2024-000827

Appeal From Dorchester County
Ronald R. Norton, Family Court Judge

Unpublished Opinion No. 2025-UP-348
Submitted October 7, 2025 – Filed October 10, 2025

**AFFIRMED**

Michael W. Sautter, of Query Sautter & Associates,
LLC, of Charleston, for Appellant.

Nicole Tidd, of Summerville, pro se.

Jenny Anderson Horne, of Jenny Horne Law Firm, LLC,
of Summerville, for the Guardian ad Litem.

**PER CURIAM:** Jeffrey Thomas Medford (Father) appeals the family court's final order denying his request for primary custody of his two minor children (Children). On appeal, Father argues the family court erred in (1) failing to consider Children's

preferences regarding custody, (2) finding he failed to show a change in circumstances, (3) finding he failed to show relocation was in Children's best interests, (4) relying on the guardian ad litem (GAL) to determine Children's best interests, and (5) allocating the GAL's fees and the GAL's attorney's fees.[1]  We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  "De novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).

Based on our de novo review of the record, we find the family court did not err in granting primary custody of Children to Nicole Tidd (Mother).  Initially, we find Father's relocation from South Carolina to Utah constituted a substantial change in circumstances.  *See Sellers v. Nicholls*, 432 S.C. 101, 117, 851 S.E.2d 54, 62 (Ct. App. 2020) ("When a change in custody is sought, the moving party 'must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child.'" (quoting *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004))); *Latimer*, 360 S.C. at 381, 602 S.E.2d at 35 ("A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the children would be served by the change." (quoting *Stutz v. Funderburk*, 272 S.C. 273, 278, 252 S.E.2d 32, 34 (1979))); *id*. ("As in all matters of child custody, a change in custody analysis inevitably asks whether the transfer in custody is in the child's best interests."); *Sellers*, 432 S.C. at 117, 851 S.E.2d at 62 (finding that, as a matter of

---

[1] Mother, who is pro se, did not file a respondent's brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we find the record on appeal is sufficient for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

first impression, "[r]elocation from joint physical custody is inherently a change to primary physical custody").

However, we find granting Mother primary custody of Children was in Children's best interests. *See Sellers*, 432 S.C. at 117, 851 S.E.2d at 62 ("[T]he overriding consideration as in all child custody matters is the children's best interests."). Father's evidence centered around Children's preference to move to Utah, his support of their education, and his issues with Mother's parenting style. Regarding Children's preferences, we find the family court properly weighed Children's preferences in light of Father's manipulative tactics. We acknowledge Children, who were sixteen and thirteen years of age at the time of the final hearing, wanted to live with Father in Utah; however, the evidence of Father's manipulation severely undercut the significance of these preferences.[2] *See* S.C. Code Ann. § 63-15-30 (2010) ("In determining the best interests of the child, the court must consider the child's reasonable preference for custody."); *id.* ("The court shall place weight upon the preference based upon the child's age, experience, maturity, judgment, and ability to express a preference."); *Brown v. Brown*, 362 S.C. 85, 96, 606 S.E.2d 785, 791 (Ct. App. 2004) ("[T]he preference of any child is merely a factor in the analysis—it is not determinative."); *id.* at 95, 606 S.E.2d at 790 ("[A] determination of the best interests of the child is paramount to the child's preference."); *Fossett v. Fossett*, 440 S.C. 576, 584, 891 S.E.2d 515, 519 (Ct. App. 2023) (explaining that the significance afforded a child's preference "is counterbalanced by a variety of factors, including a parent's manipulative behavior toward his child"); *id.* at 585, 891 S.E.2d at 520 (emphasizing that "manipulation in the child custody context need not be an intentional effort to alter a child's custodial preference" and clarifying that "manipulation can transpire in a variety of ways as long as it is manifested 'in an effort to involve the child in the parents' dispute'" (quoting S.C. Code Ann. § 63-15-240(B)(7) (Supp. 2024))).

---

[2] Evidence of Father's manipulation included his taking Children to tour schools in Utah the week before filing the present action, an email from Child 2 to the GAL the month of the final hearing asking the GAL to "do everything [she could] to get [Children] up to Utah," and the GAL's testimony that Children had an extensive knowledge of the legal process. Significantly, the GAL's written report noted that during her last meeting with Children before the final hearing, they each told her separately that they wanted to speak to the family court, indicated they did not "trust the system," and explicitly relayed Father's belief that their finishing the school year in South Carolina "[wa]s the best plan to support their education." She also reported that Child 2 indicated it was the GAL's job to facilitate their wishes and Child 1 stated she wanted to express her "legal right" to speak to the court.

Additionally, the record contained no indication that Children's educational opportunities suffered under Mother's care, as Children remained, by all accounts, high academic achievers.  Further, the evidence presented at the hearing did not support Father's contention that Mother unreasonably limited Children's communication with Father.  Mother also presented several witnesses—whom the family court found compelling—who testified to Mother's involvement in Children's lives, particularly in their extracurricular activities and social lives.  Importantly, the GAL found Mother provided a safe and stable home for Children but held "grave concerns" Father did not support Children's relationship with Mother.  Accordingly, we find no error in granting Mother primary custody.

Next, we find the family court did not improperly rely on the GAL because the GAL conducted a thorough independent investigation, and the court made its own findings rather than simply adopting the GAL's.  *See* S.C. Code Ann. § 63-3-830(A) (2010) (stating the responsibilities and duties of the GAL include representing the child's best interest, "conducting an independent, balanced, and impartial investigation to determine the facts relevant to the situation of the child and the family," attending court hearings related to custody and visitation issues, and submitting written reports to the court and parties).

Finally, we find Father abandoned his issue regarding the GAL's fees and the GAL's attorney's fees because he cited no authority to support his argument that the family court erred in allocating the fees.  *See Butler v. Butler*, 385 S.C. 328, 343, 684 S.E.2d 191, 198-99 (Ct. App. 2009) (finding an appellant abandoned his issues on appeal when he "cited no statute, rule, or case in support of these arguments" and made "conclusory statements without supporting authority"); *Glasscock, Inc. v. U.S. Fidelity & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").[3]

---

[3] Father also asserts the family court erred in finding he was not credible; discounting the testimony of his wife; not affording weight to testimony regarding his home, employment, or college tours with Children; and ignoring Children's ability to access litigation information via Mother's email account.  Because Father failed to show the preponderance of the evidence was against the family court's findings, we find these arguments are without merit.  *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (explaining that under the de novo standard of review, this court continues to recognize the superior position of the family court to assess witness

**AFFIRMED.**[4]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

credibility, and the appellant retains the burden of showing that the preponderance of the evidence is against the family court's findings).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.