**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carroll D. Brown, Appellant,

v.

John M. Baker dba Humpty Dumpty Mobile Home Park and Dream Home Properties, LLC, Defendants,

of whom John M. Baker dba Humpty Dumpty Mobile Home Park is the Respondent.

Appellate Case No. 2024-001025

———————

Appeal From Lee County
Richard L. Hinson, Special Referee

———————

Unpublished Opinion No. 2026-UP-104
Submitted January 2, 2026 – Filed March 4, 2026

———————

**AFFIRMED**

———————

John W. Bledsoe, III, of Bledsoe Law Firm, LLC, of Hartsville, for Appellant.

Kevin Mitchell Barth, of Barth, Ballenger & Lewis, LLP, of Florence; and Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, both for Respondent.

———————

**PER CURIAM:**  Carroll D. Brown appeals the special referee's $301,150.00 judgment in favor of John M. Baker dba Humpty Dumpty Mobile Home Park.  On appeal, Brown argues the special referee erred because it (1) failed to identify the categories of damages that were awarded and denied, (2) allowed hearsay testimony, and (3) improperly determined Brown's destruction of evidence was spoliation that allowed an adverse inference against Brown and speculative evidence as to Baker's damages.  We affirm pursuant to Rule 220(b), SCACR.

We find Brown abandoned his first two issues because he provided no supporting authority for his assertions.  *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fidelity and Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

As to the third issue, we hold the special referee did not err in drawing an adverse inference against Brown because Brown admitted he destroyed evidence.  *See Blackmon v. Weaver*, 366 S.C. 245, 249, 621 S.E.2d 42, 44 (Ct. App. 2005) ("On appeal from an action at law that was tried without a jury, the appellate court can correct errors of law, but the findings of fact will not be disturbed unless found to be without evidence which reasonably supports the judge's findings."); *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 307, 698 S.E.2d 773, 777 (2010) ("In an action at law tried without a jury, the trial judge's findings have the force and effect of a jury verdict upon the issues and are conclusive on appeal when supported by competent evidence."); *Stokes v. Spartanburg Reg. Med. Ctr.*, 368 S.C. 515, 519, 629 S.E.2d 675, 677-78 (Ct. App. 2006) (explaining that a plaintiff's requested jury charge on spoliation "allowed jurors to draw a negative inference" if it found the defendant's explanation regarding missing records unsatisfactory reflected South Carolina law on adverse inferences); *Kershaw Cnty. Bd. of Educ. v. U.S. Gypson Co.*, 302 S.C. 390, 394, 396 S.E.2d 369, 372 (1990) (finding the trial court's decision to instruct the factfinder that "when evidence is lost or destroyed by a party an inference may be drawn by the jury that the evidence which was lost or destroyed by that party would have been adverse to that party" was proper).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and THOMAS and GEATHERS, JJ., concur.**