13722

BEATTY v. WITTEKAMP *ET AL.*

(172 S. E., 122)

328

340

*Mr. B. A. Morgan,* for appellant,

*Messrs. W. B. McGowan* and *Hodges & Hodges,* for respondent,

November 24, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

It appears to the Court that the conclusions of E. Inman, Esq., master in equity for Greenville County, in this cause were correct. His report will be reported, and is adopted as the opinion of this Court.

The judgment of this Court is that the decree of the Circuit Judge, appealed from, be, and the same is hereby, reversed, and the cause remanded to the Court of Common Pleas of Greenville County for such further action as shall be necessary to carry out the conclusions of the master.

MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER (dissenting) : This action, commenced in the Court of Common Pleas for Greenville County, December 19, 1930, is a suit for the foreclosure of a mortgage on real estate situated in the City of Greenville, said county, and held by the plaintiff as assignee. The City of Greenville was made a party defendant because of its claim of a lien on the mortgaged property. Only the City of Greenville answered, setting up a paving assessment lien and claiming a priority over plaintiff's mortgage. The case was, by order of the Court, referred to the master of Greenville County to take the testimony and pass upon all issues in the cause. Thereafter the master filed his report sustaining the contention of the City of Greenville. From this report the plaintiff, upon due notice, appealed, and the case was heard by his Honor, Judge Hayne F. Rice, on the report of the master and the testimony in the case. In the decree issued by Judge Rice, his Honor sustained the master in so far as he held the city had a lien on the property, but overruled the master as to the city's claim of priority, and ordered judgment for the plaintiff, directing the land in question to be sold and the proceeds derived from the sale, after paying all legal costs and expenses, to be applied first to the payment of the plaintiff's mortgage, and second to the City of Greenville's assessment claim. From the said decree of his Honor, Judge Rice, and judgment entered thereon, the defendant has appealed to this Court.

I agree with the conclusion of the Circuit Judge, and therefore think the decree and judgment appealed from should be affirmed.