19829

John McATEER, Respondent, v. Louise A. McATEER, Appellant
(205 S. E. (2d) 877)

*Messrs. Gregory & Gregory,* of Lancaster, *for Appellant,*

476

*D. Glenn Yarborough, Esq.,* of Lancaster, *for Respond-*
*ent,*

May 22, 1974.

LEWIS, Justice:

This is an appeal by the wife from an order of the lower court granting the husband a divorce on the ground of adultery.

The husband brought this action on August 31, 1971, against the wife for divorce on the ground of adultery, alleging "that on Sunday night, August 29, 1971, the plaintiff found the defendant living in adultery in his said home with another man." The wife filed an answer and counterclaim which, as finally amended on August 11, 1972, consisted of a denial and a request for a divorce from the husband on the ground of desertion, together with alimony, and counsel fees. Thereafter, a hearing was held on August 31, 1972.

At the hearing on August 31, 1972, the parties evidently agreed that a divorce would be granted upon the grounds of desertion, with testimony to be taken on the question of alimony. In that connection, the record contains the following:

"Upon stipulation of counsel the divorce was to be granted upon the grounds of desertion, as was prayed for in the answer and second amended counterclaim filed on the 11th day of August, 1972.

\* \* \*

"The Court: It is stipulated that the grounds for divorce will be desertion for a period of one year, and has been agreed upon by the attorneys. Is that correct?

"Mr. Yarborough (counsel for husband) : Yes, sir.

"Mr. Gregory (counsel for wife) : Yes, sir."

After the above stipulation, testimony was taken establishing the fact that the husband left on May 12, 1971, and that the parties had lived separate and apart since that time, with the wife continuing to reside in the home, title to which was in the name of the husband. Testimony was also taken showing the health, financial, and employment status of both parties. No testimony was taken on the issue of adultery, apparently because of the foregoing stipulation that the ground for divorce would involve only that of desertion.

The record contains the entry that "there being no further testimony at this time, the hearing of August 31, 1972, was adjourned." The agreed Statement adds that the purpose of the adjournment of the hearing was "to allow the parties to settle the entire matter."

Apparently the matter was not settled, for a further hearing was convened on May 31, 1973, at which time the husband offered testimony, without objection, on the issue of adultery, to the effect that the wife had been seen in the company of not only the man referred to in the one specific instance alleged in the complaint, but also four others.

Some, if not all, of the additional instances of alleged adultery occurred after the service of the complaint. How the issue of adultery reentered the case, after it was apparently eliminated under the stipulation that the divorce would be granted on the grounds of desertion, is not explained in the record or briefs.

At the conclusion of the testimony for the husband, the court granted, over the wife's objection, a motion to amend the complaint to conform to the proof by alleging the other instances of alleged misconduct. The wife now charges, among other assignments, that it was error to grant the motion to amend. This is the only question which we need determine.

The only act of adultery charged against the wife by the complaint was the alleged incident of August 29, 1971. However, testimony was admitted relative to other alleged acts of adultery with different men, some of which allegedly occurred after the service of the original complaint.

Ordinarily, consideration of a divorce on the grounds of adultery will be confined to the specific acts alleged in the pleadings. "If the complaint charges adultery with a person at a certain time and place, evidence of adultery with another person at a different time and place is not within the issues and is irrelevant and incompetent." 24 Am. Jur. (2d), Divorce and Separation, Section 368.

The order under appeal shows that the additional charges of misconduct were considered by the lower court in reaching its conclusion that the wife had been guilty of adultery. While we indicate no opinion as to the sufficiency of the evidence generally to sustain the charges of adultery, certainly, the incident alleged in the complaint and the evidence relevant thereto would not have sustained such charge. The wife was, therefore, found guilty of the charge of adultery on testimony concerning incidents not alleged, some of

which occurred after the service of the complaint, and of which she had no notice prior to trial.

The amendment allowed during trial, at least as it related to acts of adultery alleged to have occurred after the service of the complaint, constituted new matter which could be taken advantage of, as a grounds for divorce in this action, only by supplemental pleading. Section 10-610, 1962 Code of Laws.

Although testimony concerning the alleged additional incidents was admitted without objection, the wife's objection to the trial amendment preserved her right to insist that the issues be determined without reference to these additional grounds. *Francis Marion Hotel v. Chicco,* 131 S. C. 344, 127 S. E. 436.

The wife was entitled to insist that the matter be determined under the issues made by the pleadings, and it was error for the trial judge to permit the amendment of the pleadings during trial so as to consider grounds for divorce, which were injected for the first time at the trial and which, this record shows, the wife was not afforded reasonable opportunity to meet.

The questions argued concerning alimony and counsel fees are not considered but left open for determination on remand.

The judgment of the lower court is accordingly reversed and the cause remanded for consideration of the issues in accordance with the views expressed herein.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.