KONDUROS, J.:
**41 Robert Palmer appeals the circuit court's dismissal of his complaint under Rule 12(b)(6), SCRCP. He contends the circuit court erred in finding no constitutional or civil remedy exists for a previous wrongful conviction. We affirm.
FACTS/PROCEDURAL HISTORY
Palmer and Julia Gorman-his girlfriend-were caring for Gorman's seventeen-month-old grandson (Victim) while Gorman's daughter traveled across the country. After suffering from ant bites and allergies on July 1, 2008, Victim was prescribed a liquid antihistamine (Xyzal), which has a sedative effect. The prescribed dosage of Xyzal was half a teaspoon per day. Victim was regularly given more than the prescribed dosage, up to 2.5 teaspoons per day-five times the prescribed amount. On July 14, Palmer was alone with Victim while Gorman was at work. Gorman returned home at 4 p.m. that day and observed Victim sleeping and breathing normally. Gorman checked on victim again at 6 p.m. and found him "slack," making "really strange noises," and with saliva at his mouth. Victim was treated at multiple hospitals before finally being removed from life support by his parents on July 16. Doctors that examined Victim before death and during the autopsy found evidence indicating he received hits to the head as well as atypical bruises on various portions of his body.
Palmer and Gorman were tried jointly for the death of Victim. At the conclusion of trial, both were convicted of homicide by child abuse, aiding and abetting homicide by child **42 abuse, and unlawful conduct towards a child. On appeal, this court reversed both Palmer's and Gorman's aiding and abetting convictions but affirmed their homicide and unlawful conduct convictions.
On July 29, 2015, the South Carolina Supreme Court affirmed the reversal of both Palmer's and Gorman's aiding and abetting convictions but overturned Palmer's convictions for homicide and unlawful conduct towards a child. State v. Palmer , 413 S.C. 410, 776 S.E.2d 558 (2015). Palmer initiated a civil action against the State, alleging malicious prosecution, false arrest, negligence, and violation *259 of 42 U.S.C. § 1983. Palmer also sought a declaratory judgment, requesting the circuit court declare a remedy existed for wrongful conviction in South Carolina under both the United States and South Carolina Constitutions. The State moved to dismiss under Rule 12(b)(6), SCRCP. The circuit court granted the State's motion on November 17, 2016, with prejudice. Palmer moved the court to reconsider, which the court denied. This appeal followed.[1]
STANDARD OF REVIEW
"Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action. In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint." Spence v. Spence , 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). "On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court." Rydde v. Morris , 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.' " Id. (quoting Williams v. Condon , 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001) ). "If the facts and inferences drawn from the facts **43 alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper." Spence , 368 S.C. at 116, 628 S.E.2d at 874.
LAW/ANALYSIS
I. Consideration of Novel Issue under Rule 12(b)(6), SCRCP
Palmer argues the circuit court erred in dismissing his case because it presented a novel issue of whether the South Carolina or the United States Constitutions require South Carolina to provide a civil monetary remedy for a wrongful conviction. We disagree.
"[N]ovel questions of law should not ordinarily be resolved on a Rule 12(b)(6) motion." Chestnut v. AVX Corp. , 413 S.C. 224, 227, 776 S.E.2d 82, 84 (2015). "Where, however, the dispute is not as to the underlying facts but as to the interpretation of the law, and development of the record will not aid in the resolution of the issues, it is proper to decide even novel issues on a motion to dismiss." Unisys Corp. v. S.C. Budget & Control Bd. Div. of Gen. Servs. Info. Tech. Mgmt. Office , 346 S.C. 158, 165, 551 S.E.2d 263, 267 (2001).
In this case, neither party disputes Palmer raises a novel issue. However, the issue is solely one of constitutional interpretation. In his brief, Palmer does not argue that any factual issues exist. Therefore, because the issue concerns the interpretation of the law, we find the circuit court did not err in dismissing the case pursuant to Rule 12(b)(6) in spite of it being a novel issue.
II. Takings Clause
Palmer contends the circuit court erred in dismissing his action because the Takings Clauses of the United States Constitution and the South Carolina Constitution provide his right to a remedy for a wrongful conviction in South Carolina. We disagree.
The Takings Clause from the United States Constitution provides: "No person shall be ... deprived of life, liberty, or property, without due process of law; nor shall private property **44 be taken for public use, without just compensation." U.S. Const. amend. V. The takings clause of the South Carolina Constitution states: "The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws." S.C. Const. art. I, § 3. *260 "The Fifth Amendment is implicit in the due process clause of the Fourteenth Amendment to the United States Constitution and applicable to the states." Sea Cabins on Ocean IV Homeowners Ass'n, Inc. v. City of N. Myrtle Beach , 345 S.C. 418, 429 n.3, 548 S.E.2d 595, 601 n.3 (2001). "The Fifth Amendment to the United States Constitution provides that 'private property shall not be taken for public use, without just compensation.' " Id. (quoting U.S. Const. amend. V ). "Because both a Takings Clause cause of action and substantive due process cause of action focus on a party's ability to protect their property from capricious state action, parties claiming both of these violations must first show that they had a legitimate property interest." Anonymous Taxpayer v. S.C. Dep't of Revenue , 377 S.C. 425, 437, 661 S.E.2d 73, 79 (2008).
We find the circuit court correctly determined Palmer's argument has no merit. In his appellate brief, Palmer attempts to equate the prohibition against governmental takings of property without just compensation to wrongful imprisonment.
However, Palmer fails to cite any statutory or case law to demonstrate he has a legally protected property interest. Furthermore, Palmer concedes no state supreme court throughout the nation has found a civil remedy for wrongful imprisonment exists under the Takings Clause of any state constitution or the United States Constitution. Because Palmer fails to provide any supporting law for his claim, we affirm the circuit court's finding on this issue.
III. South Carolina Constitution
Palmer asserts the circuit court erred in dismissing his action because the South Carolina Constitution protects his **45 right to a remedy for a wrongful conviction by way of an implied right of action for money damages. We disagree.
"The general presumption of law is that all constitutional provisions are self-executing, and are to be interpreted as such, rather than as requiring further legislation, for the reason that, unless such were done, it would be in the power of the Legislature to practically nullify a fundamental of legislation." Beatty v. Wittekamp , 171 S.C. 326, 332, 172 S.E. 122, 125 (1933) (quoting Brice v. McDow , 116 S.C. 324, 331, 108 S.E. 84, 87 (1921) ). "A self[-]executing provision is one which supplies the rule or means by which the right given may be enforced or protected, or by which a duty enjoined may be performed." Id. (quoting 8 Cyc. 753).
A constitutional provision is self-executing as to a civil remedy when it "provides any rules or procedures by which its declaration of rights is to be enforced, and, in particular, whether it provides citizens with a specific remedy by way of damages for its violation in the absence of legislation granting such a remedy." Leger v. Stockton Unified Sch. Dist. , 202 Cal. App. 3d 1448, 1454, 249 Cal.Rptr. 688 (Ct. App. 1988). A constitutional provision
must be regarded as self-executing if the nature and extent of the right conferred and the liability imposed are fixed by the [c]onstitution itself, so that they can be determined by an examination and construction of its terms and there is no language indicating that the subject is referred to the [l]egislature for action; and such provisions are inoperative in cases where the object to be accomplished is made to depend in whole or in part on subsequent legislation.
Id. (quoting Taylor v. Madigan , 53 Cal. App. 3d 943, 951, 126 Cal.Rptr. 376 (1975) ).
In essence, a self-executing constitutional clause is one that can be judicially enforced without implementing legislation. To ascertain whether a particular clause is self-executing, we consider several factors. This court has stated as follows
[a] constitutional provision is self-executing if it articulates a rule sufficient to give effect to the underlying rights and duties intended by the framers. In other words, courts may give effect to a provision without implementing legislation if the framers intended the provision **46 to have immediate effect and if "no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed...." Conversely, constitutional provisions are not self-executing if they merely indicate a *261 general principle or line of policy without supplying the means for putting them into effect.
Spackman ex rel. Spackman v. Bd. of Educ. of Box Elder Cty. Sch. Dist. , 16 P.3d 533, 535 (Utah 2000) (alterations by court) (quoting Bott v. DeLand , 922 P.2d 732, 737 (Utah 1996) ). "[A] constitutional provision that prohibits certain government conduct generally qualifies as a self-executing clause 'at least to the extent that courts may void incongruous legislation.' " Id. (quoting Bott , 922 P.2d at 738 ).
The court in Spackman recognized "the Utah Constitution does not expressly provide damage remedies for constitutional violations," and thus, "there is no textual constitutional right to damages for one who suffers a constitutional tort." Id. at 537. It further noted the legislature had declined to "enact[ ] any laws authorizing damage claims for constitutional violations in general." Id. The court concluded "a Utah court's ability to award damages for violation of a self-executing constitutional provision rests on the common law." Id. at 538.
Both parties recognize South Carolina has not previously addressed this issue. Our review of cases throughout various jurisdictions shows that states are divided on whether a civil remedy can exist for the violation of a constitutional provision without enabling legislation. We will not create an implied cause of action for wrongful conviction in South Carolina because it is not for this court to create such an action when the legislature has specifically declined to do so.[2] Considering the South Carolina Constitution does not provide for monetary damages for civil rights violations and the legislature has not enacted an enabling statute, we affirm the circuit court on this issue.
**47 IV. Tort Claims Act
Palmer argues the circuit court erred in dismissing his action because the South Carolina Tort Claims Act (SCTCA) cannot override a constitutionally implied right of action. We find this issue to be abandoned.
"An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority." Bryson v. Bryson , 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008). "[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review." Glasscock, Inc. v. U.S. Fid. & Guar. Co. , 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001). When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue. State v. Lindsey , 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011).
Palmer provides a conclusory argument that the SCTCA cannot override an express constitutional provision or implied cause of action under the South Carolina Constitution. However, Palmer failed to cite any law in his brief to support his assertion. For this reason-and pursuant to our discussion in Section III-we affirm the circuit court's decision.
CONCLUSION
Based on the foregoing, the circuit court did not err in dismissing the case under Rule 12(b)(6), SCRCP. First, the circuit court did not err in dismissing this case despite Palmer's raising a novel issue. Additionally, the circuit court did not err in finding Palmer had no remedy under the Takings Clauses of the South Carolina Constitution and the United States Constitution. Moreover, the circuit court did not err in finding the South Carolina Constitution did not provide Palmer a remedy. Finally, Palmer abandoned his argument that the circuit court erred in finding the SCTCA barred his claim. Thus, the circuit court's order is
AFFIRMED.
MCDONALD and HILL, JJ., concur.

On November 28, 2017, the State moved to certify this case for immediate review by the South Carolina Supreme Court pursuant to Rule 204(b), SCACR. The supreme court denied the motion on February 1, 2018.

A bill creating a cause of action for wrongful conviction was introduced in the South Carolina Senate but was not passed. See S. 1037, 119th Gen. Assemb., Reg. Sess. (S.C. 2012), to amend Chapter 13, Title 24 of the South Carolina Code to read "Article XXII Compensation for a Wrongful Conviction." The bill passed in the senate but did not pass the house of representatives.