**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mare Deckard, Appellant,

v.

Town of Port Royal Zoning Board of Appeals, Respondent.

Appellate Case No. 2024-001984

———————————

Appeal From Beaufort County
Robert J. Bonds, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-127
Submitted February 3, 2026 – Filed March 18, 2026

———————————

**AFFIRMED**

———————————

Mare Deckard, of Port Royal, pro se.

Thomas Allan Bendle, Jr., of Howell Gibson & Hughes, PA, of Beaufort, for Respondent.

———————————

**PER CURIAM:** Mare Deckard appeals the circuit court's order affirming the Town of Port Royal Zoning Board of Appeals's (the Board's) decision that determined the construction of a fence on a neighbor's property fully complied with the relevant zoning ordinance. On appeal, Deckard argues (1) the circuit court erred in affirming the Board's decision because the Board failed to utilize the

correct section of the Town of Port Royal Development Code (the Development Code) governing alleyways; (2) the circuit court erred in failing to properly consider the Town of Port Royal's (the Town's) withholding of material fact, the Town's attorney's untruthful statements, and the Board's improper reliance on hearsay evidence; and (3) the circuit court and the Board failed to properly articulate their findings of fact and conclusions of law. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in affirming the Board's decision to permit the construction of the fence because evidence supports the Board's determinations that only division 5 of the Development Code was applicable to the construction of the fence and that the fence complied with division 5. *See Venture Eng'g ex rel. DT LLC v. Horry Cnty. Zoning Bd. of Appeals*, 433 S.C. 419, 426, 858 S.E.2d 638, 642 (Ct. App. 2021) ("In reviewing a decision of a zoning board of appeals, [an appellate] court applies the same standard of review as the circuit court."); *Arkay, LLC v. City of Charleston*, 418 S.C. 86, 91, 791 S.E.2d 305, 308 (Ct. App. 2016) ("The appellate court gives 'great deference to the decisions of those charged with interpreting and applying local zoning ordinances.'" (quoting *Gurganious v. City of Beaufort*, 317 S.C. 481, 487, 454 S.E.2d 912, 916 (Ct. App. 1995))); *id.* at 91-92, 791 S.E.2d at 308 ("[An appellate] court will not reverse a zoning board's decision unless the board's findings of fact have no evidentiary support or the board commits an error of law."); *Rest. Row Assocs. v. Horry County*, 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999) (providing a decision of a zoning board will only be overturned "if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion"); *Town of Port Royal, S.C., Dev. Code* art. 2, div. 2.2, § 2.2.10 (2025) ("This [d]ivision provides general standards for laying out blocks, lots, civic space set-asides, and thoroughfares. These standards are suitable for use in *new developments*, as well as the *retrofit or infill* of existing locations . . . ." (emphases added)); *Town of Port Royal, S.C., Dev. Code* art. 2, div. 2.3, § 2.3.10 (2025) ("The intent of this [d]ivision is to provide a catalog of pre-approved thoroughfare components and assemblies that are appropriate to use within each transect zone. Components can be combined to form thoroughfares. Assemblies are pre-approved groupings of components. Both are suitable for use in *new developments*, as well as the *retrofit of existing locations* . . . ." (emphases added)); *Town of Port Royal, S.C., Dev. Code* art. 5, div. 5.5, § 5.5.20 (2025) ("The provisions of this [s]ection shall apply to all construction, substantial reconstruction, or replacement of fences or walls not required for support of a principal or accessory structure, or any other linear barrier intended to delineate different portions of a lot."); *Town of Port Royal, S.C., Dev.*

*Code* art. 5, div. 5.5, § 5.5.30(A)(1)(b) (2025) ("Fences and walls are permitted . . . [o]n a property line adjacent to, but outside a public right of way.").

2.  We hold Deckard's arguments that the circuit court erred in failing to consider the town's withholding of evidence, the Town's attorney's untruthful statements, and the Board's improper reliance on hearsay evidence are abandoned on appeal. Deckard failed to include any supporting authority in furtherance of her arguments and made merely conclusory statements that such errors occurred and were prejudicial to her.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding that when an appellant "fails to provide arguments or supporting authority," he is "deemed to have abandoned th[e] issue"); *Palmer v. State*, 427 S.C. 36, 47, 829 S.E.2d 255, 261 (Ct. App. 2019) ("When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue.").

3.  We hold the Board's order satisfied the statutory requirements because the order was in writing and separately stated its findings of fact and conclusions of law and thus, the circuit court did not err in affirming it.  *See* S.C. Code Ann. § 6-29-800(F) (Supp. 2025) ("All final decisions and orders of the board must be in writing and be permanently filed in the office of the board as a public record.  All findings of fact and conclusions of law must be separately stated in final decisions or orders of the board . . . .").  We also hold Deckard's argument that the circuit court's order was insufficient is not preserved for appellate review because she did not raise this issue with the circuit court in her Rule 59(e), SCRCP motion and raised it for the first time on appeal.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.