**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Jacqueline Miller, Respondent,

v.

Johnny Miller, Appellant.

Appellate Case No. 2023-001315

———————

Appeal From York County
Karen S. Roper, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-184
Submitted March 2, 2026 – Filed April 29, 2026

———————

**AFFIRMED**

———————

Johnny Miller, of Rock Hill, pro se.

Jacqueline Miller, of Rock Hill, pro se.

———————

**PER CURIAM:** Johnny Miller (Husband) appeals the family court's order finding him in civil contempt and sentencing him to incarceration not to exceed ninety days. On appeal, Husband argues the family court erred in (1) misrepresenting that he "repeatedly" refused to sign closing documents for the former marital home, (2) misrepresenting the language of the final divorce decree concerning "good faith,"

and (3) not permitting five witnesses to testify concerning Jacqueline Miller's (Wife's) alleged physical abuse.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold Husband's arguments are abandoned because they are short, conclusory statements without supporting legal authority and merely recite factual matters, many of which are unrelated to the order on appeal.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *Palmer v. State*, 427 S.C. 36, 47, 829 S.E.2d 255, 261 (Ct. App. 2019) ("When a party provides no legal authority regarding a particular argument, the argument is deemed abandoned and the court will not address the merits of the issue."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 327 n.1, 730 S.E.2d 282, 284 n.1 (2012) (determining that when an appellant's "argument in [her] brief [wa]s purely a recitation of facts, devoid of any citation to legal authority, with [only a] summary conclusion," the argument [was] abandoned).  Additionally, we hold Husband's argument that the family court erred in not permitting five witnesses to testify concerning Wife's alleged physical abuse is not preserved for appellate review.  Husband did not raise this issue to the family court; specifically, this issue pertains to a separate order on appeal and not the order finding Husband in contempt of court.  *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] Wife did not file a brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, the record on appeal contains sufficient grounds for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.