**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jacqueline Miller, Respondent

v.

Johnny Miller, Appellant.

Appellate Case No. 2023-001133

_____

Appeal From York County
Monét S. Pincus, Family Court Judge

_____

Unpublished Opinion No. 2026-UP-183
Submitted March 2, 2026 – Filed April 29, 2026

_____

**AFFIRMED**

_____

Johnny Miller, of Rock Hill, pro se.

Jacqueline Miller, of Rock Hill, pro se.

_____

**PER CURIAM:** Johnny Miller (Husband) appeals the family court's order denying his request for a rule to show cause. On appeal, Husband argues the family court erred in (1) failing to stay the sale of the marital home until this appeal was resolved, (2) immediately treating him as a hostile witness or party, and

(3) instructing him that he could not purchase the marital home.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold Husband's arguments are abandoned because they fail to include citation to legal authority, merely recite factual matters, and make conclusory statements asserting the family court erred on these issues.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *Palmer v. State*, 427 S.C. 36, 47, 829 S.E.2d 255, 261 (Ct. App. 2019) ("When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 327 n.1, 730 S.E.2d 282, 284 n.1 (2012) (determining that when an appellant's "argument in [her] brief [wa]s purely a recitation of facts, devoid of any citation to legal authority, with [only a] summary conclusion," the argument [was] abandoned).  Furthermore, we hold Husband's arguments are not preserved for appellate review.  Husband never raised the issue of staying the sale of the marital home with the family court and only raised the issue of the family court unfairly treating him as a hostile witness in his Rule 59(e) of the South Carolina Rules of Civil Procedure motion to alter or amend.  *See Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use [a] Rule 59(e) [motion] to present to the court an issue the party could have raised prior to judgment but did not.").  Additionally, although Husband raised some concern at the hearing with the family court's statement that it would not permit him to purchase the marital home, stating he believed a previous family court judge told him he could purchase the home, this issue was not before the family court, which it specified at the hearing, and it made no ruling on the matter.  *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

---

[1] Wife did not file a brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, the record on appeal contains sufficient grounds for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.