**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jacqueline Miller, Respondent,

v.

Johnny Miller, Appellant.

Appellate Case No. 2023-000199

———————————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-182
Submitted March 2, 2026 – Filed April 29, 2026

———————————

**AFFIRMED**

———————————

Johnny Miller, of Rock Hill, pro se.

Jacqueline Miller, of Rock Hill, pro se.

———————————

**PER CURIAM:** Johnny Miller (Husband) appeals a family court's order that denied his motion to alter or amend the family court's final divorce decree granting him and Jacqueline Miller (Wife) a divorce on the grounds of one-year continuous separation. On appeal, Husband argues the family court erred in (1) prohibiting five witnesses from testifying about their knowledge of Wife's alleged physical

abuse and (2) not granting Husband a divorce on the grounds of physical cruelty. We affirm pursuant to Rule 220(b), SCACR.[1]

We hold Husband's arguments are abandoned because they include no citation to legal authority and consist solely of short conclusory statements that the family court erred in prohibiting the witnesses from testifying and the evidence was "overwhelmingly in favor" of showing that Wife physically abused him. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *Palmer v. State*, 427 S.C. 36, 47, 829 S.E.2d 255, 261 (Ct. App. 2019) ("When a party provides no legal authority regarding a particular argument, the argument is deemed abandoned and the court will not address the merits of the issue."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 327 n.1, 730 S.E.2d 282, 284 n.1 (2012) (determining that when an appellant's "argument in [her] brief [wa]s purely a recitation of facts, devoid of any citation to legal authority, with [only a] summary conclusion," the argument [was] abandoned). Further, Husband never raised physical cruelty as a ground for divorce in his pleadings and never amended or supplemented his pleadings to include it. Therefore, this argument was not raised to and ruled upon by the family court and is not preserved on appeal. *See* S.C. Code Ann. § 63-3-530(A)(2) (2010) ("The family court has exclusive jurisdiction: . . . to hear and determine actions for divorce a vinculo matrimonii . . . *if requested by either party in the pleadings* . . . ." (emphasis added)); *McAteer v. McAteer*, 262 S.C. 475, 480, 205 S.E.2d 377, 379 (1974) (providing a ground for divorce not plead before trial constitutes a new matter which may be introduced only by supplemental pleading); *Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

**AFFIRMED.**[2]

---

[1] Wife did not file a brief. Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, the record on appeal contains sufficient grounds for this court to affirm. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**